Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Rd., Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for Defendants, COUNTY OF LOS ANGELES;
CHRISTOPHER EAGER-FINNEY; MELISSA S. HATANAKA;
SEAN FERRELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOSEPH GAMA, et al. | Case No.: 2:17-CV-05734 JFW AS |
| Plaintiffs, | |
| vs. | DEFENDANTS COUNTY OF LOS ANGELES, CHRISTOHER EAGER-FINNEY, MELISSA S. HATANAKA, and SEAN FERRELL's ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL |
| COUNTY OF LOS ANGELES, et al. | |
| Defendants. | |

COMES NOW, Defendants COUNTY OF LOS ANGELES, CHRISTOPHER EAGER-FINNEY, MELISSA S. HATANAKA, and SEAN FERRELL, and hereby answer each allegation against them, in Plaintiffs' First Amended Complaint, as follows:

1.      In response to Paragraph 1 of Plaintiffs' First Amended Complaint, Defendants admit that based on Plaintiffs' contentions, venue and jurisdiction are proper.

2.     In response to Paragraph 2 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny this allegation.

3.     In response to Paragraph 3 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny this allegation.

4.     In response to Paragraph 4 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny this allegation.

5.     In response to Paragraph 5 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny this allegation.

6.     In response to Paragraph 6 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny this allegation.

7.     In response to Paragraph 7 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny this allegation.

8.     In response to Paragraph 8 of Plaintiffs' First Amended Complaint, defendants admit that the Sheriff oversees the jail.  Defendants deny

that there were any statutory or constitutional violations regarding the decedent, and deny any failure in regard to policies, rules, directives, or any other alleged misconduct.

9.    In response to paragraph 9 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

10.   In response to paragraph 10 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

11.   In response to paragraph 11 of Plaintiffs' First Amended Complaint, defendants admit that Dr. Truong treated the decedent on one occasion during his incarceration, but denies the remainder of the allegations contained therein.

12.   In response to paragraph 12 of Plaintiffs' First Amended Complaint, defendants admit that Ms. Hatanaka conducted an assessment of the decedent during his incarceration, but denies the remainder of the allegations contained therein.

13.   In response to paragraph 13 of Plaintiffs' First Amended Complaint, defendants admit that Mr. Eagar-Finney assessed the decedent during his incarceration, but denies the remainder of the allegations contained therein.

14.   In response to paragraph 14 of Plaintiffs' First Amended Complaint, defendants admit that Ms. Ferrell evaluated the decedent during his incarceration, but denies the remainder of the allegations contained therein.

15.   In response to paragraph 15 of Plaintiffs' First Amended Complaint, defendants admit that Paul Levine saw the decedent during his incarceration, but denies the remainder of the allegations contained therein.

16.   In response to paragraph 16 of Plaintiffs' First Amended Complaint, defendants admit that Victor Banuelos saw the decedent during his incarceration, but denies the remainder of the allegations contained therein.

17.   In response to paragraph 17 of Plaintiffs' First Amended Complaint, defendants admit that Ms. Rivera assessed the decedent during this incarceration, but denies the remainder of the allegations contained therein.

18.   In response to paragraph 18 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny the allegations, and therefore, deny each and every allegation contained therein.

Answer to First Amended Complaint

- 4

19.    In response to paragraph 19 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny the allegations, and therefore, deny each and every allegation contained therein.

20.    In response to paragraph 20 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny the allegations, and therefore, deny each and every allegation contained therein.

21.    In response to Paragraph 21 of Plaintiffs' First Amended Complaint, defendants admit that the County of Los Angeles is a public entity organized under the laws of the State of California, and that said entities are departments of the County.

22.    In response to Paragraph 22 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

23.    In response to Paragraph 23 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

24.    In response to Paragraph 24 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

25.    In response to Paragraph 25 of Plaintiffs' First Amended Complaint, defendants deny that the decedent was in good health.  Defendants

have insufficient information with which to admit or deny the remaining allegations and hence deny same.

26. In response to paragraph 26 of Plaintiffs' First Amended Complaint, defendants admit that the decedent was found hanged in his cell on June 12, 2015, and pronounced dead by paramedics. The mode of death was suicide.

27. In response to paragraph 27 of Plaintiffs' First Amended Complaint, defendants admit that the decedent was found hanged in his cell on June 12, 2015, and pronounced dead by paramedics. The mode of death was suicide. The decedent was provided mental health services while incarcerated. The care and treatment provided to him was within the standard of care and not causative of his death. Defendants deny the remainder of the allegations.

28. In response to paragraph 28 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

29. In response to paragraph 29 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place. The decedent was provided mental health services while incarcerated. The care and treatment provided to him was within the standard of care

and not causative of his death.  Defendants deny the remainder of the allegations.

30.    In response to paragraph 30 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place.  The decedent was provided mental health services while incarcerated.  The care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

31.    In response to paragraph 31 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place.  The decedent was provided mental health services while incarcerated.  The care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

32.    In response to paragraph 32 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place.  The decedent was provided mental health services while incarcerated.  The

care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

33.   In response to paragraph 33 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place.  The decedent was provided mental health services while incarcerated.  The care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

34.   In response to paragraph 34 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place.  The decedent was provided mental health services while incarcerated.  The care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

35.   In response to paragraph 35 of Plaintiffs' First Amended Complaint, defendants assert that at the time of the subject events, proper policies, trainings and delivery of mental health services were in place.  The

Answer to First Amended Complaint

- 8

decedent was provided mental health services while incarcerated.  The care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

36.     In response to Paragraph 36 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

37.     In response to Paragraph 37 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

38.     In response to Paragraph 38 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

39.     In response to Paragraph 39 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

40.     In response to Paragraph 40 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

41.     In response to Paragraph 41 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

42.     In response to Paragraph 42 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny these allegations and on that basis, deny them.

43.    In response to Paragraph 43 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

44.    In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

45.    In response to paragraph 45 of Plaintiffs' First Amended Complaint, defendants admit that the decedent was found hanged in his cell on June 12, 2015, and pronounced dead by paramedics.  The mode of death was suicide.  The decedent was provided mental health services while incarcerated.  The care and treatment provided to him was within the standard of care and not causative of his death.  Defendants deny the remainder of the allegations.

46.    In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

47.    In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

48.    In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

49.    In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

50.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

51.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

52.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

53.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

54.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

55.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

56.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

57.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

58.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

59.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

60.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

61.   In response to Paragraph 44 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

62.   In response to Paragraph 62 of Plaintiffs' First Amended Complaint, defendants have insufficient information with which to admit or deny said allegations and on that basis, denies them.

63.   In response to Paragraph 63 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

64.   In response to Paragraph 64 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

65.   In response to Paragraph 65 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

66.   In response to Paragraph 66 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

67.   In response to Paragraph 67 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

68.   In response to Paragraph 68 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

69. In response to Paragraph 69 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

70. In response to Paragraph 70 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

71. In response to Paragraph 71 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

72. In response to Paragraph 72 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

73. In response to Paragraph 73 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

74. In response to Paragraph 74 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

75. In response to Paragraph 75 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

76. In response to Paragraph 76 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

77. In response to Paragraph 77 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

78. In response to Paragraph 78 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

79.     In response to Paragraph 79 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

80.     In response to Paragraph 80 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

81.     In response to Paragraph 81 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

82.     In response to Paragraph 82 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

83.     In response to Paragraph 83 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

84.     In response to Paragraph 84 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

85.     In response to Paragraph 85 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

86.     In response to Paragraph 86 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

87.     In response to Paragraph 87 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

88.     In response to Paragraph 88 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

89.   In response to Paragraph 89 of Plaintiffs' First Amended Complaint, defendants deny each and every allegation contained therein.

In addition to the preceding Answers and/or Responses to the specific allegations in Plaintiffs' First Amended Complaint, defendants further raise the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

FAILURE TO STATE A CAUSE OF ACTION

Defendants hereby alleges that the First Amended Complaint herein fails to state facts sufficient to constitute a cause of action against this defendant; or, in the alternative, that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

DEFENSE OF LIMITATIONS

As a further, separate and affirmative defense to Plaintiffs' First Amended Complaint, and each cause of action thereof, defendants allege that the time alleged in said complaint demonstrates that this action was not brought within the requisite statutory period.

## THIRD AFFIRMATIVE DEFENSE

## CONTRIBUTORY NEGLIGENCE

As a further, separate and affirmative defense to Plaintiffs' First Amended Complaint, and each cause of action thereof, defendants allege that damages sustained by Plaintiffs, if any, were legally caused and/or contributed to by Plaintiffs' own acts, omissions, negligence and/or failure to take reasonable and necessary actions to eliminate, mitigate, lessen, reduce and/or minimize such damages, thus barring or reducing Plaintiffs' recovery.

## FOURTH AFFIRMATIVE DEFENSE

## ACTIONS OF OTHERS

As a further, separate and affirmative defense to Plaintiffs' First Amended Complaint, and each cause of action thereof, defendants allege that the injuries alleged by Plaintiffs, if any, were legally caused by the negligence and/or conduct of other persons or entities, and these Answering Defendants request that an allocation of such negligence and liability be made among other persons or entities, and that if any liability is found on the part of these Answering Defendants, judgment against said Defendants only be in the amount which is proportionate to the extent and percentage by which these Answering Defendants' actual omission contributed to Plaintiffs injuries or damages.

## FIFTH AFFIRMATIVE DEFENSE

## NOT IN SCOPE OF EMPLOYMENT

As a further, separate and affirmative defense to Plaintiffs First Amended Complaint and each of action thereof, Answering Defendants allege, without admitting any facts contained within the subject complaint, the individuals identified by Plaintiffs as involved in the alleged improper conduct were not acting within the course and scope of any employment or agency with these Answering Defendants at the time of the subject incident(s) and, therefore, these Answering Defendants are not responsible nor liable for the alleged wrongful conduct.

## SIXTH AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

As a further, separate and affirmative defense to Plaintiffs' First Amended Complaint and each cause of action thereof, defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of his failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

## IMMUNITY

As a further, separate and affirmative defense to Plaintiffs First Amended Complaint and each cause of action thereof, defendants allege that, pursuant to

Federal and State law and decisional authority, defendants are immune from the claims, causes of action and allegations of plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

## QUALIFIED IMMUNITY

As a further, separate and affirmative defense to Plaintiffs' First Amended Complaint and each cause of action thereof, defendants allege that, pursuant to Federal and State law and decisional authority, defendants have qualified immunity from the claims, causes of action and allegations of plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

## STATUTE OF LIMITATIONS

Allege that the action is barred by the provisions of the Code of Civil Procedure, Section 340(3), 340.5, 364(a) and Government Code Sections 900 et seq., including Sections 911.2 and 945.6.

## TENTH AFFIRMATIVE DEFENSE

## GOV'T TORT CLAIMS ACT REQUIREMENTS

Allege that the action is barred due to the failure to comply with Government Tort Claims presentation requirements, including Government Code, Sections 911.2, 911.4, 945.4, and/or 946.6.

## ELEVENTH AFFIRMATIVE DEFENSE

## MICRA

Alleges at the time of trial, Defendants may elect to limit or diminish Plaintiffs' alleged damages or losses as provided and authorized by California Civil Code, Section 3333.1, California Civil Code, Section 3333.2 and California Code of Civil Procedure, Section 667.7; and,

TWELFTH AFFIRMATIVE DEFENSE

STATE TORT CLAIMS ARE BARRED

Alleges that the action is barred by Part 2, Chapter 5 of the Tort Claims Act, including specifically, Government Code, Sections 818.8, 820.2, 821.6, 854.8., 855.8, 856, as well as Welfare & Institutions Code, Section 5278.

WHEREFORE, these Answering Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing by this action;

2.      That this action be dismissed;

3.      That Defendants be awarded its costs of suit herein; and,

4.      For such other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. Section 1988, and that if these Answering Defendants are found liable, the degree of responsibility and liability for the resulting damage be determined so that Defendants may be held liable only for that portion of the total damage in proportion to its liability for same.

Answer to First Amended Complaint

- 19

1

2

3   DATED: November 3, 2017    MONROY, AVERBUCK & GYSLER

4

5

6   *Jennifer Gysler*
   _____.
   JENNIFER E. GYSLER

7   Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## REQUEST FOR JURY TRIAL

    Defendants hereby request a Trial by jury.

DATED:  November 3, 2017        MONROY, AVERBUCK & GYSLER

_____.
*Jennifer Gysler*
JENNIFER E. GYSLER
Attorneys for Defendants