Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Rd., Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for Defendants, COUNTY OF LOS ANGELES;
CHRISTOPHER EAGER-FINNEY; MELISSA S. HATANAKA;
SEAN FERRELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOSEPH GAMA, et al. | Case No.: 17CV05734 JFW AS |
| | |
| | JOINT MOTION IN LIMINE NO. 3 BY DEFENDANTS TO PRECLUDE EVIDENCE OF DOJ RELATED DOCUMENTS (Corrected) |
| Plaintiffs, | |
| vs. | |
| COUNTY OF LOS ANGELES, et al. | Pre-Trial Conf.:  October 19, 2018 Trial:  November 6, 2018 |
| | |
| Defendants. | |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD AND TO THE

HONORABLE COURT:

Defendants Melissa Hatanaka, Sean Ferrell, Christopher Eagar-Finney and

the County of Los Angeles, move for an order precluding documentary and

testimonial evidence of a Department of Justice Memorandum of Understanding

from 2002 and a DOJ case (and related documents) against the County, <u>USA v. County of Los Angeles,</u> Case No. 2:15CV05903 DDP JEM, which involve a settlement agreement / stipulated order, in which the County agreed to monitoring and enhancements to mental health services provided in the jails. Plaintiffs have sought discovery in this regard and said documents are reflected on plaintiffs' exhibit list for the trial in this action.

Specifically, defendants seek to exclude the attached documents:

1. Department of Justice Memorandum of Understanding (2002) (Trial Exh 9)

2. Settlement Agreement / Stipulated Order in the matter of <u>USA v. County of Los Angeles,</u> Case No. 2:15CV05903 DDP JEM (Doc. 14) (Trial Exh 11)

3. Letter from Department of Justice to County of Los Angeles, dated June 4, 2014 (Trial Exh 10)

4. Monitor's First Report filed in <u>USA v. County of Los Angeles,</u> Case No. 2:15CV05903 DDP JEM, (Doc. 81). (Trial Exh 12)

The basis for this motion is that the 2002 Memorandum is remote in time and the Monitor's Report, DOJ lawsuit (stipulated agreement / order), by its own terms is not to be used by third parties in other lawsuits, and the DOJ letter is hearsay.  All contain hearsay and are prejudicial.

This motion is based on the attached memorandum of points and authorities, on the papers and records on file herein and on such oral and documentary evidence, which may be presented at the hearing of the motion.

Plaintiffs' opposition is set forth in this document.

DATED:  October 12, 2018                    MONROY, AVERBUCK & GYSLER

                                            _____Jennifer E. Gysler_____
                                            JON F. MONROY
                                            JENNIFER E. GYSLER
                                            Attorneys for Defendant

Motion in Limine no. 3 - 3

## MEMORANDUM OF POINTS AND AUTHORITIES

**<u>DEFENDANTS' POSITION:</u>**

## 1. INTRODUCTION.

This is an action for damages filed by plaintiffs, Robbie Gama, Joseph Luis Gama Jr., Raymond Rudy Gama, Giselle Christin Gama, and Joshua Gama, heirs of the decedent, Joseph Gama.  Mr. Gama committed suicide at the Men's Central Jail on June 12, 2015.   Plaintiffs have named numerous defendants, but served only four, the County of Los Angeles and three psychiatric social workers, Melissa Hatanaka, Christopher Eager-Finney and Sean Ferrell, each of whom evaluated the decedent during his incarceration, on May 23, 2015, May 26, 2015, June 2, 2015, June 3, 2015 and June 4, 2015.

Plaintiffs' First Amended Complaint contains seven causes of action for wrongful death and civil rights violations.  The causes of action alleged against the three PSW's, in their individual capacities, are:

(1)  First Cause of Action:  Wrongful Death – Medical Negligence;

(2)  Fourth Cause of Action:  Wrongful Death – Deprivation of Civil Rights, 42 USC Section 1983; and

(3)  Seventh Cause of Action:  Violation of Substantive Due Process 42 USC Section 1983.  [FAC]

Plaintiffs name the County of Los Angeles in the sixth cause of action for civil rights violations under 42 U.S.C. § 1983 and *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Essentially, plaintiffs allege that decedent, Joseph Gama, had, on multiple occasions informed defendants he was suffering from mental health issues and was a danger to himself.  [FAC, 13:1-7].  Plaintiffs further allege that the decedent told defendants he was hearing voices, cutting himself and had previously attempted to commit suicide, however, defendants allegedly "failed to have him evaluated, given special designation, monitored and treated and/or negligently had him evaluated…such that he was not given proper monitoring and treatment." [ FAC, 13:8-20].

**2.    DEPARTMENT OF JUSTICE AGREEMENTS, FILINGS AND DOCUMENTS SHOULD BE PRECLUDED AS EVIDENCE IN THIS LAWSUIT.**

Attached to this motion is the stipulated settlement agreement / order from the case of USA v. County of Los Angeles, Case No. 2:15CV05903 DDP JEM. Plaintiffs seek to use the document as well as documents prepared in conjunction with the lawsuit, as evidence in this case to support their claims.  However, the terms of the settlement agreement / order make it clear it was not to be used in

third party lawsuits, i.e., as an enforcement tool against the County.

In paragraph 125 of the Stipulated Order, the last sentence reads:  Any admission made for purposes of this Agreement is not admissible if presented by third parties in another proceeding."  [Doc. 14, Case 2:15CV05903 DDP JEM, U.S. v. County of Los Angeles].

This Stipulated Order/Settlement Agreement also provides, under Section E "Access and Confidentiality", in paragraph 104:  "Other than as expressly provided in this Agreement, the Monitor, the SMEs, their staff, and DOJ will maintain confidential all, and will not distribute or disclose any, non-public information provided by the County and the Sheriff pursuant to this Agreement.  This Agreement will not be deemed a waiver of any privilege or right the County or the Sheriff may assert, including those recognized at common law or created by statute, rule or regulation, against any other person or entity with respect to the disclosure of any document or information."  [Doc. 14, Case 2:15CV05903 DDP JEM, U.S. v. County of Los Angeles].

Additionally, under Section F "Public Statements, Testimony and Records", the Stipulated Order/Settlement Agreement provides in paragraph 105:  "Except as required by the terms of this agreement, an order from the Court, the express written agreement of all Parties, or at meetings of the County of Los Angeles

Board of Supervisors, the Monitor, SMEs, and their staff will not make any public or press statements (at a conference or otherwise), issue findings, offer expert opinion, or testify in any other litigation or proceeding regarding any matter or subject that he or she may have learned as a result of his or her performance under this Agreement.  If the Monitor, SMEs, or any of their staff receive a subpoena, he or she will promptly notify the Parties and thereafter advise the subpoenaing court of the terms of this Agreement."  [Doc. 14, Case 2:15CV05903 DDP JEM, U.S. v. County of Los Angeles].

Lastly, under Section F, paragraph 108, the Stipulated Order/Settlement Agreement provides:  "This Agreement is enforceable only by the Parties.  No person or entity is intended to be a third party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement." [Doc. 14, Case 2:15CV05903 DDP JEM, U.S. v. County of Los Angeles].

Further, the documents related to Document 14, such as the DOJ letter to the County and monitor reports filed in said action, are hearsay documents, and are therefore not admissible per FRE 801.  They are also highly prejudicial without a showing of probative value to the issues of this lawsuit, pursuant to FRE 403.  Said

documents are attached hereto for the Court's review.

**3.      CONCLUSION.**

Based on the foregoing, Defendants request the Court issue an Order precluding the plaintiffs from asking questions of witnesses, introducing documentary evidence, and introducing argument in opening or closing statements, about the DOJ matters, lawsuit and memorandum referenced herein, specifically:

1.  Department of Justice Memorandum of Understanding (2002) (Trial Exh 9)

2.  Settlement Agreement / Stipulated Order in the matter of <u>USA v. County of Los Angeles,</u> Case No. 2:15CV05903 DDP JEM (Doc. 14) (Trial Exh 11)

3.  Letter from Department of Justice to County of Los Angeles, dated June 4, 2014 (Trial Exh 10)

4.  Monitor's First Report filed in <u>USA v. County of Los Angeles,</u> Case No. 2:15CV05903 DDP JEM, (Doc. 81). (Trial Exh 12)

DATED:  October 12, 2018          MONROY, AVERBUCK & GYSLER

*Jennifer E. Gysler*
JON F. MONROY
JENNIFER E. GYSLER
Attorneys for County Defendants

Motion in Limine No. 5 v 8

**OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3**

The Defendants would have this case tried in a vacuum; that the case does not involve one isolated instance of inmate suicide.  That is certainly not the situation here; at the time that Mr. Gama took his life, the County of Los Angeles had been on notice for almost two decades that the mental health services that it provided to jail inmates which included suicide prevention precautions violated the Eighth and Fourteenth Amendments to the Constitution.  The Defendant County of Los Angeles was also aware that the were multiple patterns and practices which violated inmates constitutional rights, including but not limited to having mental health services provided by unlicensed and untrained personnel, by having deficient followup and tracking of suicidal inmates as well as on the custody side of showing that security and or Title 15 checks as well as other practices of custody failed to protect the minimal welfare standards required in confinement.

The practices and procedures followed by custody which were deficient included the manner in which security checks were performed; i.e., the failure to stagger said checks during the once every 30 minute checks required.  There was also a failure for custody to perform a substantive check, by that it meant, a check

that would be designed to actually check on the welfare of the inmates as opposed to contacting the scanner within a 30 minute period.  The failure to stagger was particularly egregious as it would allow the inmates to know when the next check would come.  This is particularly relevant in that in Mr. Gama's case, on the night of the suicide, the safety checks were almost every 30 minutes like clockwork and gave the motivation for Mr. Gama to move forward when he knew that the next check would allow for plenty of time for self destruction.

At issue here then are patterns, practices and procedures that are the violations which cause harm.  The documents, all which give the County notice of such constitutional violations, put the County on notice of deficiencies that were known for almost two decades before Mr. Gama's death and were still in existence in May, 2015.  Therefore the documents that predate the suicide are relevant in that they show known patterns and practices in existence prior to the death which evidence deliberate indifference.  The evidence of deliberate indifference is also shown by the documents which post date the suicide and evidence that the practices, no matter the fact that the Department of Justice action went from monitored agreement to Court monitored agreement.

The Department of Justice documents are public documents and should be considered particularly trustworthy to be admitted as heresay for all purposes in this case.

Motion in Limine no. 3 - 10

The problem in proving cases involving injury while incarceration relates to the fact that most if not all of the evidence originates from the governmental law enforcement agency.  Here we have substantial evidence, from the Department of Justice of the longterm patterns and practices which constitute constitutional violations.   Said evidence is particularly relevant to a case based on Monell v Department of Social Services et. al.  (1978) 436 U.S. 658.  In conclusion, the documents at hand are particularly relevant in proof of a longstanding custom and practice that failed to prevent violations of law.

For all of these reasons, the Defendants' motion should be denied.

Date:  September 25, 2018          LAW OFFICES OF GREG W. GARROTTO

                                  _/s/ Greg w. Garrotto_____
                                  GREG W. GARROTTO

Motion in Limine no. 3 - 11